1st Court of Appeals

Trial cause # 1995-25994-CV

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
APR 13 2015
CHRISTOPHER A. PRINE
CLERK

Re: Edward R. Newsome T.D.C. 437698

01-15-0333-CV

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS
APR 13 2015
CHRISTOPHER A. PRINE
CLERK

Trial cause # 1995-25994-CV

4/2/15

Amended Motion / File Writ of Mandamus W Rule 52.8 (c)

To the Honorable Judge of Said court: Local Rule 111 The Relator Edward R. Newsome Argue in Motion to File for A Stay, Motion to extend time for Reconsideration W Rule 10.5 (b) and Motion for Rehearing in Mandamus Key-4 (4) challenging court of Appeals withdraw of its order extending Appellant deadline for filing Statement of facts had no Adequate Remedy At Law, and thus was entitled to Mandamus Relief see Appeal and Error Key-620.1 Appellant Satisfied Requirement for filing Appellate Records, though I did Not File Copy of electronic Record with court of Appeals within 15 days of perfecting Appeal, and did not timely move for extension of time, where I did File Statement of facts as well as Transcript of Recording within time Allowed for filing of Appellate Records in Rule 4, Rule 3, Rule 4, Rule 5 and Also Rule 51 (a)(b), Rule 52.3, Rule 52.7 Rule 54 (a)(c) And Rule 59.1 see Appeal and Error Key-624 Alleged while court of Appeals may Not Grant Motion for late filing of Transcript

(1) —

statement of facts which lacks reasonable explanation of need for extension, mere presence of reasonable explanation does not require that Court of Appeals granted motion, granting of properly supported motion is discretionary see Rule 54(c). And conduct short of deliberate or intentional non compliance qualities as requisite reasonable explanation for seeking extension of time for filing records in court of appeals, even if that conduct could also be characterized as professional negligence, because relator confusion regarding proper procedure to be followed in counties authorized to make records of court proceeding by electronic recording constituted a reasonable explanation as required for obtaining extension of time for filing transcript or statement of facts and absence of affidavit of court reporter or certificate of trial judge, explaining when statement of facts would be available for filing, did not preclude granting of extension of time for filing late statement of fact, where reason for seeking extension was Relator Newsome own mistake as to its obligation under special electronic Recording Rules lack of supporting affidavit or certificate was not relevant see Ullmore US 4th court of Appeals 878 S.W. 2d. at 601 see Rule 51 (a)(b) Statement of cost and enforcement of Judgment to Allowed Appellate court may bring administrative

(2)-

ord in APPEAL Governed By Administrative Procedure tct to Appellate court as PART of Statement of Facts or Transcript see Tex. Gov.t Code § 2001.176 OR Tex. Gov.t Code § 2001.001 - 902 See Appeal and ERROR Key-839(1) Alleged that Court of Appeal Can Not avoid its Obligation to Address every Issue Raised and Necessary to Final disposition of Appeal by elevating from over substance on Request for Submission, without ARgument in Rule 59.1 And ALSO Administrative law and Procedure Key-676 Allowed Administrative Record must be offered into evidence At trial Court in APPeal For Judicial Review brought under Administrative Procedure Act V.T.C.A Gov.t code § 2001.175 (b)(e)(f) And Relator may brin6 Administrative Record, in APPeal Governed By Administrative Procedure Act to an Appellate Court As Part of Statement of Fact or Transcript So lon6 As court Reporter's certificate or other evidence demonstrates that trial court admitted the Records on Request to Reversed And Remand Against Motion to Appear at hearing on Final Plea to Jurisdiction Against A Preponderance of the evidence AGAINST FRAUD by the defendant, On ReQuest For Relief under Rule 48 And 52.8(c).

4-2-2015
Date

Edward K. Newsome
Relator Signature

(3) -

## Certificate of Service Rule 9.5

The Relator Edward R. Massone, verify the statement made in this amended Affidavit of inability to Pay court costs and initial filing fees without prepayment of fees to File Motion to File writ of Mandamus in Rule 52.8(c) is true and correct under the Penalty of Perjury see 28 U.S.C.#1746. For Purpose of Mailbox Rule 4(c),1,2,3(d) For the original and copies of Records in Rule 9.3(a)(1)(A)(iii), Rule 34.5(c)(1), Rule 34.6(c)(4), Rule 35.1(c), Rule 35.3(b)(3), Rule 37.3(a) and Rule 38.6(a) For Service in local Rule 10, 11, 12(c) and Benefits.

4-2-2015
DATE

Edward R. Massone
Relator Signature